Taylor *vs.* Stewart.

RANDALL TAYLOR, plaintiff in error, *vs.* TAPLEY H. STEWART, defendant in error.

1. When a vendee, suing on a breach of warranty, shows that since his purchase the land has been sold by the sheriff under an execution against a third person, and possession by the defendant in execution after the rendition of the judgment, and that he has surrendered to the purchaser at sheriff's sale, on a demand by him, the *onus probandi* is cast upon the warrantor.

2. Under section 3583 of the Code, the possession of land for four years discharges it only from the lien of judgments against the vendor.

Warranty. Judgments. Lien. Before Judge KNIGHT. Cobb Superior Court. November Term, 1874.

Taylor brought complaint against Stewart on his warranty embraced in a deed executed by him on February 6th, 1872, conveying a five acre tract of land to the plaintiff for the expressed consideration of $60 00. ·The defendant pleaded the general issue, and that the plaintiff had surrendered possession of the land to a title which was not paramount.

The facts were, in brief, as follows: On October 7th, 1873, the land covered by the aforesaid warranty was sold by the sheriff under an execution in favor of N. B. Green *vs.* Henry White, and purchased by Henry C. White. The defendant in *fi. fa.* was in possession of the land after the date of the

Taylor *vs.* Stewart.

judgment on which said execution issued. The plaintiff surrendered the land to the purchaser at the sheriff's sale. This was done over the objection of the defendant, who wished him to contest the title of such purchaser. Possession of the land in the defendant, and the plaintiff holding under him, was shown for more than four years before such sheriff's sale, though the levy on the property had been previously made, and was then pending.

The jury found for the plaintiff $60 00, with interest from February 6th, 1872. The defendant moved for a new trial, because the verdict was contrary to the law and the evidence, and because the court refused to charge the jury "that if the defendant had purchased the land in good faith, and he and those claiming under him had been in possession thereof for four years prior to the advertisement of the sheriff, then the defendant's title was superior to that derived from such sale," and in charging to the contrary. The motion was sustained, and the plaintiff excepted.

W. T. & W. J. WINN, for plaintiff in error.

IRWIN, ANDERSON & IRWIN; GEORGE N. LESTER, for defendant.

TRIPPE, Judge.

Taylor brought his action against Stewart for breach of warranty contained in the deed of the latter to the former for certain land. The defendant pleaded the general issue, and specially that plaintiff had surrendered possession to a title not paramount. On the trial, plaintiff proved that when he bought there was a judgment against one White in favor of N. B. Green; that White was in possession of the premises after the judgment was obtained against him; that the execution which issued on the judgment had been levied on the land by the sheriff, sold by him, and that plaintiff had surrendered possession to the purchaser at sheriff's sale. It appeared that the defendant in this action and the plaintiff had

Taylor *vs.* Stewart.

been in possession (after tacking the two possessions,) more than four years after the judgment against White was obtained. But it did not appear that defendant purchased from White. Under this proof, a verdict was rendered for the plaintiff, which, on motion, was set aside and the court granted a new trial. Did the court err in his judgment allowing the new trial?

1. In *Whatley vs. Newson*, 10 *Georgia*, 74, it was held that "a purchaser at sheriff's sale has only to show his deed, the execution under which the land was sold, and prove title in the defendant, or possession since the rendition of the judgment, and the *onus probandi* is cast upon the opposite party." This case comes within the principle there maintained. If the purchaser at sheriff's sale had brought ejectment against Taylor, the plaintiff, and had shown on the trial that Green, the defendant, in the execution under which he bought, was in possession of the land after the rendition of the judgment on which the execution was issued, and produced the sheriff's deed and the execution, the *onus probandi* would have been cast on Taylor. Not wishing to contest a suit when all that could be proved, he surrendered possession to the purchaser. True, he did so at his peril, that is, if the title in fact was not in Green, or if the land was really not subject to the judgment, he could not recover against Stewart, his vendor on the warranty, for that vendor would have the right to defend himself on all the grounds that could have been set up for Taylor had he refused to surrender to anything less than a judgment of ouster. As he did not choose to litigate with the purchaser, but yielded the possession, why should he not have the same rule administered to him in his suit against Stewart, that would have governed the case had that purchaser brought action against him? Had Taylor not bought from Stewart and the purchaser had sued the latter, that rule would have been the law of the case; and where the purchaser has proved what Taylor has now proved the *onus* would have been cast on Stewart. Why then is it not cast by the same proof in Taylor's action for a breach of the warranty? We

repeat, it could only be *prima facie* proof in either case, and under our ruling, Stewart stands on the same law as to the rule of evidence that would have governed him in a contest over the title with the purchaser to whom Taylor gave up the possession.

2. As to the other point, it is clear that section 3583 of the Code only discharges land from the lien of judgments against the vendor, where it has been in the possession of a *bona fide* purchaser for four years. Such is the express provision of the section, and such has been the decision in several cases by this court. We think the court erred in granting the new trial.

Judgment reversed.