## BENSON & COLEMAN *vs.* DYER.

[On account of providental cause, Jackson, Chief Justice, did not preside in this case.]

1. The defendant in *fi. fa.* has the right to point out such part of his property as he may deem proper, and the levying officer is bound to take and sell it first, if, in his opinion, it is sufficient to satisfy the debt and costs; in the absence of such pointing out by defendant, the plaintiff in *fi. fa.* may point out property, and this will serve as an indemnity to the sheriff. But such pointing out is not essentia to the validity of a levy; it is the levying officer's duty to make the money on a *fi. fa.*, and when he has made a levy, the presumption is that it was legally done unless the contrary appears. Nor is the sheriff or constable limited to property in the possession of the defendant; a levy is not rendered illegal because the property may be in the hands of another. Such other person may assert his rights by claim or action.

2. The docket of a justice of the peace should show the names of the parties, the returns of the officer and the entry of the judgment, specifying the amount and the day of its rendition. Upon the trial of a claim under a justice court *fi. fa.*, if the docket show no return of service, and there be no other proof of service or ac-

knowledgment thereof, the levy should be dismissed. A mere failure to make the entry will not, however, render the *fi. fa.* invalid, and conclude the plaintiff thereon. If it be an omission of the justice, he may correct it on his own motion, or he may, on application of plaintiff in *fi. fa.* and with proper proof, correct the omission.

November 28, 1882.

Certiorari. Levy and Sale. Justice Courts. Before W. W. MERRELL, Esq., Judge *pro hac vice.* Carroll Superior Court. April Term, 1882.

A *fi. fa.* in favor of Benson & Coleman, against William Benson was levied on a horse, which was claimed by Dyer. On the trial, plaintiffs in *fi. fa.* introduced their execution and the entry of levy thereon, and proved that the horse had been in possession of the defendant in *fi. fa.* subsequently to the rendition of the judgment. It also appeared that the horse was in possession of claimant at the time of the levy, and that the defendant in *fi. fa.* had other property.

The claimant introduced the justice court docket containing entries in regard to the suit on which the *fi. fa.* was founded, and showed that no entry proving service on defendant was contained therein. The justice held the horse subject. Claimant carried the case to the superior court by *certiorari,* assigning the following errors:

(1.) That the levy was illegal, because the property was not in the hands of defendant in *fi. fa.* when it was made, while he had other property from which the debt could be made.

(2.) That the judgment on which the *fi. fa.* was founded was void for want of service, a justice court being a court of limited jurisdiction, in which service must appear on the docket.

The *certiorari* was sustained, and plaintiffs in *fi. fa.* excepted.

REESE & ADAMSON, for plaintiffs in error.

G. W. AUSTIN; T. W. LATHAM, for defendant.

CRAWFORD, Justice.

The questions that came up in this case arose upon the hearing of a *certiorari* by the court below. The *certiorari* grew out of the errors alleged to have been committed by a justice of the peace in the trial of a claim case.

1. The first error set forth in the *certiorari* is, that the levy was illegal, because property in the hands of a party not a defendant in *fi. fa.* was levied upon for sale, whilst there was sufficient property in the hands of the defendant with which to pay off the debt, and it did not affirmatively appear that it was pointed out by the plaintiff in *fi. fa.*

Section 3641 of the Code gives the defendant in *fi. fa.* the right to point out what part of his own property he may think proper, and the levying officer is bound to take it and sell that first, if the same, in his opinion, is sufficient to satisfy the debt and costs; but there is no law which limits the sheriff, or constable, or the plaintiff in *fi. fa.*, to such as may be in the defendant's possession.

It is the duty of the officer to make the money; and when he has made a levy, the presumption of the law is that it was legally done, unless the contrary appears. It is not necessary to constitute a legal levy of property in the hands of one not a party to the *fi. fa.* that it should affirmatively appear that the same was pointed out by the plaintiff in *fi. fa.*

Whilst the pointing out of property by the plaintiff in *fi. fa.* is an indemnity to the sheriff, it is not essential to the validity of the levy. A claim to property, levied upon in the hands of a third party, is only one of his remedies against the illegal seizure thereof by a levying officer. 60 *Ga.*, 516.

2. The second error assigned in the *certiorari* is, that the judgment upon which the *fi. fa.* issued was void, because the facts necessary to give the court jurisdiction to render it do not appear upon the docket as required by law.

Benson & Coleman *vs*. Dyer.

Upon the trial of the claim case, the docket of the justice of the peace was put in evidence by the claimant, and upon it appeared the names of the parties, the amount of the principal debt, the amount of the interest, the amount of the costs, the judgment with its date, and the day of the issuance of the *fi. fa.*, but there was no return of the officer as the law requires; and in this failure consists the ground upon which the claimant rested his objection to the validity of the execution.

Section 457 of the Code requires not only those entries which did appear, but entries of the returns of the officer also. When, therefore, they did not appear, and no further proof was offered to show that services had been acknowledged, or that the defendant had been served with a summons according to law, then it was the duty of the court to have dismissed the levy, instead of finding the property subject to the execution.

Under the various rulings of this court, we cannot hold that the failure of the justice to make that entry upon his docket renders the *fi. fa.* invalid, and concludes the plaintiff thereon. But we think that the justice might, on his own motion, correct it, if it were but an omission on his part, or he might, on the application of the plaintiff in *fi. fa.*, upon proper proofs correct it, if satisfied that service, or the acknowledgment thereof, should have been duly entered, but was neglected.

In the language of Justice Bleckley, in 62 *Ga.*, 683, we repeat that, " In a justice court local government is realized in its last analysis. This tribunal is our primary, most rudimentary organ of home rule. It is the *ne plus ultra* of judicial simplicity."

See also 61 *Ga.*, 134; *Ib.*, 388.

Judgment affirmed.