Johnson *et al. vs.* Dooly *et al.*

1. Actual notice is such as has been proved to have been given to a party directly and personally, or such as he is presumed to have received personally, because the evidence within his knowledge was sufficient to put him upon inquiry; and actual notice may be proved by the facts of the case from which it can be inferred.

2. The fraud which avoids a sale may be legal as well as moral. It may exist from misrepresentations made by either party, with design to deceive, or which actually deceive the other party, however innocently made; and such misrepresentations may be by acts as well as words.

(a.) The court upon whose judgment an execution issues has full power to set aside a sale thereunder, whenever the ends of justice and fair dealing require it, and to order a resale, or award execution anew at discretion. This is an equitable power, inherent both in courts of law and of equity, and is invoked to remedy fraud or irregularity in the conduct of such sales, as between purchasers and the original parties to the suit.

3. The verdict is supported by the evidence.

April 8, 1884.

Notice. Levy and Sale. Attorney and Client. Fraud. Sales. Before Judge Fain. Whitfield Superior Court. October Term, 1883.

Reported in the decision.

W. K. Moore; W. C. Glenn; R. J. McCamy, for plaintiffs in error.

Wm. Phillips; T. R. Jones; Geo. F. G. Wober; R. Power, for defendants.

Hall, Justice.

This bill in equity was brought to set aside a conveyance of land sold at sheriff's sale.  Among the reasons alleged for asking that this sale be set aside, and the parties interested be reinstated to their respective rights as they existed at the time the sale was made, are that the same was not advertised for four weeks or twenty-eight days, as required by law; that the purchaser at the sale, who also controlled the *fi. fa.* under which it was made, sustained certain confidential relations to the complainant of which he might have taken advantage; that the price paid for the land was so grossly inadequate, being forty dollars for property worth from $700 to $1,000, as to justify the conclusion that there was great irregularity, if not unfairness, in the transaction; that, among other irregularities, the lots of land, although not contiguous, were sold in one body, when they should have been offered separately, and that competition among bidders at the sale was prevented by the conduct of the defendant.

There was much testimony at the trial bearing upon these questions more or less directly and remotely, and after the charge of the court, the jury returned a verdict "setting aside the sale." A motion was made for a new trial, upon the general grounds, as well as upon various special grounds, which alleged errors in the rulings and charges of the court, and which, upon being heard, was overruled, and denied. Upon the judgment of the court refusing the new trial error is assigned.

None of these grounds were insisted upon here, except the following, viz.:  That there was error in instructing the jury to inquire whether the defendant was an innocent purchaser, and in order to ascertain this fact, they might inquire whether he was the owner of the

execution making the sale, and whether he directed the levy thereof, and the advertisement under the levy ; that if such were the case, these were circumstances from which they might infer that he had notice that the advertisement had been published less than the time required by law, if such was the fact; that they might also look to the relations existing between the parties litigant, to determine the *bona fides* of the transaction, and to all the other circumstances in evidence, such as the real value of the land, the price it brought, the alleged gross inadequacy of consideration, and the occurrences at the sale that had a tendency to affect the price of the property offered; that anything which would put a reasonably prudent man upon inquiry as to the true state of the facts, was evidence from which actual notice might be inferred. This is the charge, in substance, to which exception is taken. We think it is substantially correct.

1. This court, in *Jordan vs. Pollock,* 14 *Ga.,* 145, defined actual notice to be such as was positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally, because the evidence within his knowledge was sufficient to put him upon inquiry, and held there was no error in charging the jury that actual notice might be proved by the facts of the case, from which it could be inferred. This was said in relation to a third party, who had no connection with the transaction in its origin, but who afterwards became a purchaser of the property in question. It applies with redoubled force to one who was either the owner of the execution, or was attorney for the party owning it, when the levy was made, and who directed it, together with the advertisement of the sale under it, and who, in addition thereto, had just prior to that time represented complainants as their attorney in a litigation concerning the land in question, together with others, and who, for the purposes of the litigation, had in his possession all the evidences of complainants' title.

In Galpin *vs.* Page, 18 Wall. R., 373, Mr. Justice Field, who delivered the opinion, declared, "that a title acquired by an attorney engaged in the cause, at a judicial sale, made under a decree which had been reversed because of irregularity in serving an infant party, fell with the decree." The purchaser was one of the attorneys of the plaintiff in the suit in which the reversed decree was had, and "the law imputes to him knowledge of the defects in the proceedings which were taken under his direction and that of his copartners, to obtain service upon the infant. The conveyance by him of an undivided half to his law partner, also one of the plaintiff's attorneys, was made after the decree of the district court had been reversed for want of jurisdiction over the infant. The partner also took his interest with knowledge of this defect. The protection which the law gives the purchasers at judicial sales is not extended, in such cases, to the attorney of the party, who is presumed to be cognizant of all the proceedings."

In the case at bar, the court did not charge that notice of this irregularity would be presumed from the fact alone that the defendant was the attorney of the plaintiff who caused the levy to be made, and the advertisement of the sale under that levy; the charge was more favorable to him than it seems the case cited would have justified; it was simply that notice to him might be inferred from this and other facts in evidence.

2. If there was error in the charge as to actual fraud, it was error against the plaintiff, and of which the defendant had no cause to complain. Actual fraud, it would seem, was not essential to setting aside the sale. It is true, that a misrepresentation wilfully made to deceive, or recklessly and without knowledge, acted upon by a party, would have this effect, but it is equally true, if it be made by mistake and innocently, to the detriment of another, and amounting only to a legal fraud, it would be equally effectual for that purpose. Code, §3174. The fraud that voids a sale may exist from misrepresentations made by

either party with design to deceive, or which does actually deceive the party; in case the party is deceived by misrepresentations, however innocently made, this will avoid the sale; and such misrepresentations may be by acts as well as words. Code, §§2633, 2634. It is laid down generally, that the court upon whose judgment the execution issues, has full power to set aside an execution sale whenever the end of justice and fair dealing require it, and to order a re-sale, or award execution anew, at discretion. This power is deemed a species of equitable jurisdiction, inherent both in courts of law and equity, and is invoked to remedy fraud or irregularity in the conduct of such sales, as between purchasers and the original parties to the suit. Rorer on Judicial Sales, §1081, and citations in notes 1 and 2 there. For a fuller discussion of these questions, see *Parker, administrator, vs. Glenn and others,* decided today.

3. The finding in this case is in accordance with the decided strength and weight of the evidence. The verdict sets aside the sale, and does nothing more. That was the only issue really presented by the pleadings; all other matters were collateral and subordinate; they only tended to that end. The effect of the decree entered upon the verdict, and which follows it strictly, is simply to restore the parties to the situation they were in before the sale, with all their rights as they existed at that time. We indicate no opinion as to the course proper to be taken hereafter in the case for the adjustment and settlement of the rights of the respective parties.

Judgment affirmed.