SAFFOLD *vs.* FOSTER, administrator, *et al.*

1. Equity cautiously interposes to arrest by the harsh writ of injunction the final process of a court of law.
2. The levy is not excessive. The land is not levied on and advertised for sale in bulk, but in smaller parcels, all of which are fully described. It is thus levied on, as testified by the sheriff, so as to be sold in those parcels.
3. No hurt was done to complainant by not describing the growing crop. The crop has been gathered and taken into possession by him. The restraining order effected this result. Besides, when the levy was made, no growing crop was on the land. The advertisement, however, was after it was growing, and it is fairer that such advertisement should have given some notice of it. But as the crop was not sold by the sheriff, but gathered by the defendant himself and appropriated by him, he is not hurt.
(*a.*) The facts of the case save the plaintiff in error from the award of ten per cent damages for bringing the case to this court for delay only; but hereafter, where an injunction to stay an execution has been refused by the chancellor and the equity of the bill is not manifest, parties may expect the application of the ruling in 40 *Ga.*, 212, to be strictly applied.

January 26, 1886

Judgments. Injunction. Levy and Sale. Advertisement. Practice in Supreme Court. Damages. Before Judge HAMMOND. Morgan County. At Chambers. July 13, 1885.

Thomas P. Saffold filed his bill against F. C. Foster, administrator, and the sheriff of Morgan county, to enjoin a sheriff's sale under a *fi. fa.* issuing on a common law judgment. It was alleged that the complainant had tendered to the sheriff an affidavit of illegality, which the latter refused to regard, and hence this bill was filed. The grounds on which the legality of the proceeding was attacked were (1) that the levy was excessive, in that the *fi. fa.* was based on a judgment rendered in 1866 for $3,135.63, principal, with $1,609.59, interest to judgment, and it had been levied on 1,830 acres of agricultural land, of the value of $8 per acre, and a house and lot in the

city of Madison, of the value of $4,000; that there was a crop of cotton and corn on the agricultural lands of the value of $2,800; that such lands consisted of nine lots averaging 202½ acres each, and the sheriff could easily have levied on only enough of them to have made the money due. (2.) That there was a fine growing crop on the land of the value of no less than $3,220, and that no mention of it was made in the advertisement of the sale. Discovery was waived.

The answers of the defendants alleged that the amount due on the *fi. fa.* was about $9,000; that the levy was made on March 20, 1885, and the sale was delayed to accommodate the defendant, and was advertised for July sales; that there was no growing crop when the levy was made, and the defendant planted his crop afterwards with full notice; that the land was not levied on as one body, but (as shown by the entry) the levy was on different lots comprising it, described severally, so as to be sold separately. It was denied that the levy was excessive or that the land was worth the price stated by the complainant.

The chancellor granted a temporary restraining order. On the hearing, upon the pleadings and affidavits presented, he refused an injunction, but on complainant's giving bond, continued the restraining order until the case could be heard and determined in the Supreme Court.

A. M. SPEER; CALVIN GEORGE; JOHN C. REED, for plaintiff in error.

F. C. FOSTER, for defendants.

JACKSON, Chief Justice.

The chancellor refused the writ of injunction in this case, and complainant excepted. But two points are made before us as assignments of error to the judgment refusing the writ of injunction: first, that the levy is excessive; and secondly, that the growing crop is not fully described.

1. The bill is filed to arrest an execution founded on a judgment at law, and equity cautiously interferes to arrest, by the harsh writ of injunction, the final process of a court of law.

2. The levy is not excessive. The land is not levied on and advertised for sale in bulk, but in smaller divisions, all of which are fully described. It is so levied by the sheriff, as that officer swears, so as to sell in those parcels.

3. There is no hurt done to complainant by not describing the growing crop. The crop is gathered by him and pocketed. The restraining order effected this result.

Besides, when the levy was made, no growing crop was on the land. The advertisement, however, was after it was growing, and it is fairer that this advertisement should have given some notice of it (6 *Ga.*, 455, 456); but as the crop was not sold by the sheriff, but gathered by the defendant himself and pocketed by him, he is not hurt. Yet it furnished some reason for defendant's struggle to resist the sale, and saves him from damages of ten per cent for delay, which would otherwise have been given, by virtue of the decision in 40th *Ga.*, 212, where, in a similar effort by injunction to stay a judgment at law, damages were given of ten per cent on that judgment for the delay, under section 4286 of the Code.

Parties hereafter bringing cases to this court, where the injunction to stay executions has been refused by the chancellor, and the equity of the bill praying for the writ is not manifest, may expect the ruling in 40th *Ga.*, 212, to be applied strictly. If, where one brings a case here solely to delay his adversary in procuring his judgment, he is subject to damages, *a fortiori* should he pay damages for bringing the case here to delay that judgment, after it has been rendered and execution has been issued and levied.

Judgment affirmed.