THE GEORGIA RAILROAD AND BANKING COMPANY *v*. KENT. KENT *v*. THE GEORGIA RAILROAD AND BANKING COMPANY.

1. An action for personal injuries against a railroad company is barred after the lapse of two years from the time the right of action accrued; and where the person injured, in consideration of a contract by the company to do certain things for his benefit and to give him employment for life, agreed not to bring suit and refrained from so doing for nearly eight years, his right of action is not relieved from the bar of the statute, although the company, in making the contract with him, did so for the purpose of deterring him from bringing his action within the time prescribed by law, it appearing also that the company had complied fully with all its undertakings other than that of giving the plaintiff employment for life, and had in fact employed him for more than seven years before he was discharged. If the plaintiff had any right of action at all against the company, it was for a breach of the contract by which his original cause of action against it was compromised and settled.

2. The court erred in overruling the demurrer to the plaintiff's declaration.

3. It having been this day adjudicated, upon a bill of exceptions sued out in this case by the railroad company, that the plaintiff's declaration set forth no cause of action and that a general demurrer to the same should have been sustained, the judgment of nonsuit will not be reversed.

January 27, 1894.

· Action for damages.  Before Judge Guerry.  Warren superior court.  April term, 1893.

To the action of Junius Kent against the Georgia Railroad Company the defendant filed a general demurrer which was overruled, and defendant excepted. The plaintiff excepted to the grant of a nonsuit. The declaration was filed on March 12th, 1891. It alleges, that in May, 1883, the plaintiff was employed by the defendant as a laborer on its construction train, he having nothing to do with the running of the train, and that while engaged in the performance of his · duties, being aboard the defendant's service train, the same, while traveling rapidly on the railroad, met and collided with another train of the defendant by the gross negligence of its officers and agents, by which collision he was painfully and permanently injured, his foot being crushed, his thigh broken, his back injured and strained, and internal injuries being inflicted. He suffered great mental and physical pain ; was confined to his bed for a year or more ; still continues to suffer, and as a result of said injuries, is now entirely unable to work, and is and will remain in a helpless condition the rest of his life. At the time the injuries were sustained he was 23 years old, and was receiving $20.00 per month from defendant for his labor. He was deterred from filing his action for damages within two years after the injuries were received, by the following contract, agreement and representations of defendant : Through Hamilton Wilkins, who was its officer and agent at the time, and who had general supervision of the hands employed by it, and authority to settle such cases, defendant agreed with plaintiff that, if he would not sue it, it would pay his doctor's bill and his wages while sick, give him employment when he was well enough to work, pay his wages, and if unable to work pay his wages, and would do this as long as he lived,

provided he would bring no suit for damages. Defendant fully ratified the contract so made with its agent, by paying the doctor's bill and wages while plaintiff was sick, and when he was able to work gave him light work such as he could perform, and paid his wages, and so continued to do until November, 1890, when, without cause, he was discharged by defendant which now refuses to recognize its liability to him. He avers that defendant was not acting in good faith with him in making the contract, but entered into it for the purpose of deterring him from bringing his action within the time prescribed by law, which fraudulent conduct and purpose was discovered by him when he was discharged in November, 1890.

J. B. CUMMING, M. P. REESE and BRYAN CUMMING, for the railroad company. JOHN C. HART, JAMES WHITEHEAD and S. H. SIBLEY, *contra*.

LUMPKIN, Justice.

The court overruled a general demurrer to the plaintiff's declaration, and the trial proceeded. After the plaintiff had closed, the court granted a nonsuit. The railroad company excepted to the overruling of the demurrer, and the plaintiff to the granting of the nonsuit. Each party sued out a bill of exceptions, and the two were considered together in this court. The substance of the declaration is set forth by the reporter. We are entirely satisfied that the court erred in not sustaining the demurrer. After inflicting personal injuries upon the plaintiff, it was undoubtedly the right of the railroad company to compromise and settle his claim for damages. This, in effect, the declaration alleges was done, and the terms of the settlement are set forth. The declaration, it is true, alleges further, with reference to the contract of settlement, that the " defendant was not acting in good faith with him [the plaintiff] in making

said contract, but entered upon the same for the purpose of deterring him from bringing his action within the time prescribed by law, which fraudulent conduct and purpose was discovered by the petitioner when he was discharged . . . in November, 1890." The allegation that the defendant was not acting in good faith, and the mere characterization of its conduct and purpose as fraudulent, are too vague and indefinite. They do not amount to a proper charge of fraud upon the part of the railroad company in inducing the settlement, because no facts showing of what the alleged fraud consisted are set out. The declaration does not even allege that, at the time of making the settlement, it was the purpose or intention of the company to subsequently refuse to carry out the contract, after the plaintiff's legal right of action should become barred by the lapse of time. The allegations of the declaration really amount to no more than an averment that, after the plaintiff's right of action became barred, the company was guilty of a breach of the contract made for the purpose of settling the plaintiff's claim. Certainly, the mere breach of a contract cannot be said to constitute legal fraud; and the doctrine that general charges of fraud and bad faith, without specifying in what the fraud or bad faith consisted, are insufficient, is too well settled to require argument or the citation of authority. As to the allegation that the purpose of the company in making the settlement was to deter the plaintiff from bringing his action within the time prescribed by law, we have to say that such a purpose was entirely lawful and proper. Indeed, it was doubtless the purpose of the company, not only to deter the plaintiff from bringing his action within two years, but to deter him from bringing it all. The allegation just mentioned surely does not sustain the plaintiff's position that he was fraudulently deterred from bringing his action until after it

v 92-50

had become barred. If, when a railroad company injures a citizen, it concedes the fact of its liability and is willing to make reparation for the injury, and it should be held that the company could not, by a fair settlement, prevent a suit being brought against it, it would be simply impossible for a company liable in damages for having caused such an injury to settle at all except at the end of a lawsuit. Such a doctrine would be contrary, not only to reason and justice, but to public policy. The truth is, corporations ought to be encouraged in making reasonable and fair compensation for injuries inflicted by them, and it would be taking a step in the wrong direction for courts to declare they could not, by making such settlements, deter parties from bringing suit, and thus prevent needless and endless litigation. It does not appear from any allegation in the declaration that any fraud, duress, or other improper means was practiced by the company in making the settlement in question, and a fair inference from the entire declaration is, that the company, at the time the contract was entered into, really intended to comply with its terms. It seems the company did all it agreed to do, except to give the plaintiff employment for life; and as to that stipulation, the declaration itself admits that the company did give him employment for more than seven years prior to his discharge. It is hardly probable that, at the time of making the settlement, the company deliberately intended to violate it many years afterwards. The real cause of complaint against the company, if the plaintiff had any at all, was for discharging him from its employment and thus committing a breach of the contract by which his original cause of action against it had been compromised and finally settled. The declaration, however, was not based upon an alleged breach of that contract, but sought to make the defendant liable for the injuries inflicted by it upon the plaintiff in 1883. This

the plaintiff certainly could not do, because, from his own allegations, it is quite clear, not only that the company had fully settled with him for those injuries, but that his right to sue for them was hopelessly barred by the statute of limitations; and his effort to take the case out of the operation of the statute by allegations that he had, by the fraud of the company, been deterred from sooner bringing his action, was utterly futile and abortive.

We have not closely examined the evidence offered by the plaintiff in support of his declaration, nor is it at all necessary to do so. As the declaration was fatally defective and should have been dismissed on demurrer, we will not reverse the judgment of nonsuit granted by the court. The plaintiff's case ought to have been cut off before it ever reached the point where the question of nonsuit could arise. Judgment in the first case *reversed*, and in the second case *affirmed*.