## LANDRUM *v.* BROADWELL *et al.*

</div>

1. The levy of an execution for $63 upon a tract of land worth from · $200 to $300 is not so excessive as to render a sale thereunder void.
2. An execution issued from a superior court may be first levied upon real estate, notwithstanding the defendant in execution may possess personal property sufficient in value to satisfy the execution but does not point it out to the levying officer.

<div align="center">Submitted March 14, — Decided April 10, 1900.</div>

Equitable petition.   Before Judge Gober.   Milton superior court.   February 7, 1899.

*T. L. Lewis,* for plaintiff.

*B. F. Simpson* and *J. P. Brooke,* for defendants.

COBB, J.   This was a proceeding instituted for the purpose of setting aside a sheriff's sale and cancelling a deed thereunder.   One ground upon which the plaintiff's right of action is predicated is that the levy which was the foundation of the sale was so excessive as to render the same void.   At the trial it appeared that a cost execution issued from the superior court for the sum of $55, upon which there was due at the date of the sale about $63, had been levied upon a tract of land containing 40 acres.   The land sold for $54.   According to the testimony the value of the property at the date of the sale ranged from two to three hundred dollars.   The judge directed a verdict for the defendant, and this is one of the errors assigned.

While a sheriff is prohibited from seizing more of a defendant's property than is necessary to satisfy the execution, it is his duty to seize enough for that purpose.   Witnesses who were in a position to form an opinion as to the value of this land fixed the value at from $200 to $300.   A levy of an execution for $63 upon a tract of land which in the opinion of witnesses capable of judging is worth from two to three hundred dollars is not so excessive as to vitiate a sale thereunder, and the judge did not err in so holding in the present case.   While there was evidence to the effect that the tract could have been subdivided, and that the subdivisions were worth more than the amount due on the execution, we can not hold that for this reason alone the levy was so excessive as to render the sale void.

Another error assigned is that the judge refused to permit the plaintiffs to prove that they had in their possession, at the date of the levy upon the land, personal property sufficient in value to satisfy the execution.   There is no law which requires that an execution from the superior court shall be first levied upon personal property before a levy upon land would be lawful.   Such being the case, and there being no evidence that any one authorized to represent the plaintiffs had pointed out any personal property at the time of the levy upon the land, the judge did not err in ruling out the evidence.

*Judgment affirmed.    All the Justices concurring.*