## FLETCHER *v.* BLUTHENTHAL & BICKART.

1. Where a case was tried in a county court and an appeal entered therein to the superior court, an order afterwards establishing, in the superior court, copies of the petition and appeal bond, reciting the contents of the judgment appealed from, was a judgment that the papers were in the superior court and were lost, and that the copies established were correct copies; and after verdict and judgment in the superior court, the latter judgment could not be attacked by affidavit of illegality on the ground that in fact the papers were never transmitted from the county court to the superior court. This is especially true where the defendant on the hearing of the illegality proposed and took an order, in the superior court, establishing a copy of his plea in the case, thus estopping himself from denying that there was such a plea of file in that court.
2. Such of the other grounds as were appropriate to be set up in an affidavit of illegality were, under the pleadings and evidence, without merit; a verdict in favor of the illegality would have been unauthorized, and, regardless of any errors occurring on the trial, the overruling of the motion for a new trial was proper.

Argued November 3, 1908.—Decided April 20, 1909.

Illegality. Before Judge Whipple. Irwin superior court. January 30, 1908.

*McDonald & Quincey*, for plaintiff in error.

*L. Kennedy*, contra.

HOLDEN, J. The plaintiff in error filed an affidavit of illegality to an execution levied upon his property, and upon the trial of the issues made thereby a verdict was rendered against him, and to an order of the court overruling his motion for a new trial he excepted. Among other allegations in the illegality appear the following: The defendants in error brought suit on an open account, in the county court, against Fletcher & Company, alleged to have

been composeα of the plaintiff in error and J. P. Mauldin. Fletcher filed a plea, alleging that at the time the account was made the partnership' between him and Mauldin had been dissolved, and that the defendants in error had been given notice of this fact before the contraction of the account sued on. Upon the trial of the case in the county court, judgment was rendered only against the defendant Mauldin; whereupon the defendants in error appealed the case to the superior court, wherein judgment was rendered against both Fletcher and Mauldin. Fletcher contends that the execution issued upon such judgment is proceeding illegally against him, for several reasons set out in the illegality. ,The main ground upon which it ·appears that Fletcher relied upon the trial of the illegality case was that contained in the amendment to his illegality, as follows: "That said papers were never entered in the superior court, and that at the time said papers were established and judgment given said case had not been sent up to said superior court by the judge of said Co. Ct." ·Fletcher contends that this amendment makes the issue upon which he should prevail; that the verdict and judgment were rendered against him in the superior court when at the time of the rendition thereof no papers connected with the case had been transmitted from the county court to the superior court; and if any papers were transmitted before such judgment and verdict were rendered, all of them were not thus transmitted, which was necessary before a valid verdict and judgment could be rendered against him.

The evidence is undisputed that copies of the declaration in the suit, and of the appeal bond reciting the contents of the judgment appealed from, were established in the superior court before the verdict and judgment were therein rendered. The proceedings establishing these copies were regular on their face; and when duly establi**hed by order of the court, they, apparently at least, had all the force and effect of originals until the order establishing them was set aside. The established copies of the petition and appeal bond, on their face, put the case apparently in the superior court regularly for trial, and verdict and judgment rendered after copies of the petition and appeal bond were established could not be attacked by affidavit of illegality. Fletcher could not, by affidavit of illegality, attack the judgment regular on its face, by going behind it and showing that the orders establishing copies of the petition

and appeal bond were improperly granted on the ground that the original petition and appeal bond were never transmitted to the superior court. The established copies of the petition and appeal bond alone were sufficient on their face to authorize a verdict and judgment, but the defendant Fletcher, after the original affidavit of illegality was filed and before filing his amendment thereto, had, on his motion, procured the superior court to establish a copy of the plea which he filed in the county court. The superior court would not have had the right to establish a copy of the plea if it had never been transmitted to the superior court from the county court; and after having a copy of the plea established in the superior court, on his own motion, the defendant would be estopped from denying that the plea was transmitted from the county court to the superior court, especially in view of the statement in his affidavit of illegality that the verdict was "indefinite, for the reason it failed to find for or against the special plea of misjoinder filed by this defendant." This statement is an admission that there was such a plea on file in the superior court before the verdict and judgment were rendered; and Fletcher would, in the face of this admission, be estopped from denying that there was. The affidavit admits that the papers were established. In view of the facts above named appearing on the trial of the case, the defendant had no right by affidavit of illegality to attack the judgment, regular on its face, by showing that the papers in the case had never been transmitted from the county court to the superior court when the verdict and judgment were rendered. There was no want of jurisdiction apparent upon the face of the judgment, or any other part of the record. On the contrary, everything appearing showed jurisdiction of the superior court to render the judgment. See *Harbig* v. *Freund*, 69 *Ga.* 190, and authorities therein cited.

2. Such of the other grounds as were appropriate to be set up in an affidavit of illegality were, under the pleadings and evidence, without merit; a verdict in favor of the illegality would have been unauthorized, and, regardless of any errors occurring on the trial, the overruling of the motion for a new trial was proper.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*