## FUGAZZI & COMPANY *v.* SIMPSON *et al.*

1. There was no abuse of discretion in refusing to grant a temporary injunction.
2. A levy of an attachment for the principal sum of $260 on shares of stock in a domestic corporation of the par value of $1,000, and of the market value of $2,000, can not be said as matter of law to be excessive.

FEBRUARY 20, 1911.

Petition for injunction. Before Judge Maddox. Floyd superior court. July 7, 1910.

*W. M. Henry* and *F. W. Copeland,* for plaintiffs in error.
*Dean & Dean,* contra.

EVANS, P. J. W. P. Simpson sued out an attachment against M. Fugazzi & Company, on the ground that the defendants re-

sided beyond the limits of the State. The attachment was returnable to the city court of Floyd county, and levied on ten shares of stock of a domestic corporation. The plaintiff filed his declaration in attachment, and at the March term, 1910, of the city court a judgment against the specific property was rendered. Upon this judgment a fi. fa. issued and was levied on the ten shares of stock, the property described in the judgment; and the defendants in attachment filed a petition against the plaintiff in attachment and the levying officer, to enjoin the sale under the levy. The prayers for relief were predicated upon the grounds, that the attachment judgment was void, because the levy of the attachment was excessive (the amount claimed by the plaintiff being $260 and the property levied on being valued at $2,000) ; and because the judgment in attachment was rendered at a term of court at which the defendants' counsel was excused from attendance by the judge of the court. On the interlocutory hearing for a temporary injunction it was admitted that the property levied on possessed a value of $2,000 at the time of the levy. The judge of the city court testified, that when the defendants' counsel applied for a leave of absence he enumerated the cases in which he was interested, and that the case in hand was not included in the number enumerated; that this case was regularly set down on the calendar for trial that week, and neither appearance was entered for, nor plea filed by, the defendants; that the case was called in its order and regularly tried, and the judge was never advised that counsel who applied for leave of absence was interested in the case; and that counsel's leave of absence was granted with reference to his specification of cases, which did not include this one. Counsel for the defendants testified, that he was granted leave of absence for the week during which the case was tried; that he was not employed in any of the cases on the published calendar except this case; and that while not positive that he named this case to the judge, he is under the impression that he did, when applying for a leave of absence. There was conflicting evidence as to whether the defendants had a good defense to the merits of the action. The court refused to grant a temporary injunction, but ordered the shares of stock which were levied on to be sold one at a time, and that only a sufficient number of the shares be sold to satisfy the attachment execution. The defendants excepted.

As to the vacation of the attachment judgment on the ground that the defendants' counsel was excused from attendance on the court at the time of its rendition, the evidence authorized a finding that the leave of absence was granted with reference to special cases, which did not include this one, and that as to the latter the leave was not applicable. When this fact is considered in connection with the evidence relating to the merits of the defendants' proposed answer to the declaration in attachment, we can not say that the court abused his discretion in refusing to enjoin the attachment execution on this ground.

As to the excessiveness of the levy. When the process of attachment shall issue against the owner of shares in a corporation of this State, the statute provides that the shares may be attached as follows: "The officer in whose hands the attachment is placed shall indorse an entry thereon of his levy on the corporation shares or interest of the defendant, and shall forthwith serve a copy of the attachment so indorsed upon the president of the corporation, at the office of the company, or by leaving the same at the usual or most notorious place of doing the business of such company, which entry and service shall amount to and be considered a seizure of said corporate interest or shares, to all intents and purposes, and under an execution issued on such attachment they may be sold as in other cases of ordinary execution." Civil Code (1910), § 5080. Only one share shall be sold at once. Ib. § 6036. The stock was of the par value of $1,000, worth in the market $2,000, and the principal of the attachment was $260. When we consider the nature of a stockholder's interest in the corporation as represented by his stock certificates, the many vicissitudes which may happen to affect the value of the stock, the liability of the shares to the corporate by-law liens, etc., we can not say the levy was excessive as a matter of law. The order of the court, as well as the terms of the statute, protects the defendants against a sale of any more shares of stock than will be necessary to pay the execution. See *Saffold v. Foster,* 75 *Ga.* 233.

*Judgment affirmed. All the Justices concur.*