## PAYNE *et al.* v. DANIEL.

No. 14163. September 21, 1942.

*C. W. Foy* and *R. S. Foy,* for plaintiffs in error.

*F. E. Strickland,* contra.

Jenkins, Justice. 1. In the trial of this suit by a landowner, defendant in a fi. fa., for $105.38 principal, interest, and costs, against the plaintiff in fi. fa. as purchaser at a sheriff's sale under the execution, and against the sheriff, to cancel the recorded sheriff's deed as based on an excessive levy, there was testimony supporting the averments of the petition that the ninety-six acres with improvements, levied upon, were readily divisible into tracts, any one of which would have been sufficient to satisfy the execution; and that the value of the half interest of the defendant in fi. fa. was $3000. However, there was testimony by two witnesses for the plaintiff in fi. fa., that the value of the half interest was about $500, and by another witness that it was $140 to $150. The jury found for the plaintiff (defendant in fi. fa.), and the court refused a new trial. The general grounds of the motion are expressly abandoned. Since, under the conflicting testimony, it can not be held, as contended by the defendant in error, that the verdict was demanded as a matter of law on the one issue as to excessive levy, the special grounds must be determined. See *Landrum* v. *Broadwell,* 110 *Ga.* 538 (35 S. E. 68); *Burden* v. *Gates,* 188 *Ga.* 284 (2), 286 (3 S. E. 2d, 679); *Fugazzi* v. *Simpson,* 135 *Ga.* 774 (2), 776 (70 S. E. 642).

2. The Code, § 39-116, provides, that upon the levy by an officer of an execution on property "found in the hands and possession of the defendant" in fi. fa., the defendant is "at liberty to point out what part of his property he may think proper, which the sheriff or other officer shall be bound to take and sell first, if the same is, in the opinion of such levying officer, sufficient to satisfy such judgment and costs." However, "if the officer violates his duty by refusing to levy on the property pointed out by the defendant," or by failing to accord him this opportunity, such conduct by the officer, as in the case of an excessive levy, may render

him liable to the defendant for damages sustained, but will not invalidate the levy. *Hollinshed* v. *Woodard,* 124 *Ga.* 721 (3), 723 (52 S. E. 815); *Barfield* v. *Barfield,* 77 *Ga.* 83; *Douglas* v. *Singer Mfg. Co.,* 102 *Ga.* 560 (2) (27 S. E. 664); *Benson* v. *Dyer,* 69 *Ga.* 190, 192. See, to like effect, decisions that while a failure of the officer to comply with the Code, § 39-120, by giving the required written notice of levy on land, may subject the officer to a suit for damages, it will not avoid the levy. *Haden* v. *Liberty Co.,* 183 *Ga.* 209, 211 (188 S. E. 29), and cit.; *Cox* v. *Montford,* 66 *Ga.* 62 (3). Accordingly, since the non-observance by the officer of the provisions of § 39-116 as to giving the defendant in fi. fa. opportunity to point out sufficient property to be first levied on and sold would be irrelevant in a suit such as this, involving only the validity of the levy on the ground of excessiveness, and since the statute in no wise *requires* the defendant to exercise the privilege which it accords to him, his refusal to point out personalty or the part of his land that he desired levied on, after a request by the officer to do so, would likewise be immaterial in this suit involving only the validity of the levy on a tract of land; and the court did not err in excluding this testimony for the plaintiff in fi. fa. and such officer. As to the admissibility of such testimony in an action for damages by the defendant in fi. fa. against the officer, as a fact or circumstance for the consideration of the jury in determining the officer's negligence or other alleged tortious conduct, or in mitigation of damages, no question is presented or determined.

3. "The officer levying a . . fi. fa. can exercise a reasonable discretion as to the sufficiency of the property to pay the execution, and should be allowed a reasonable margin between the value of the property levied upon and the amount of the . . fi. fa." *Planters Bank* v. *Georgia Loan & Trust Co.,* 160 *Ga.* 107 (1, *b*) (127 S. E. 413), and cit. The right to exercise this sound discretion is not precluded by the general rule that ordinary execution sales of real estate in mass are "not to be countenanced or tolerated" where the land is readily divisible into parcels, and one or more of such parcels, after allowing a reasonable margin as to probable value, would suffice to satisfy the execution. See *Forbes* v. *Hall,* 102 *Ga.* 47, 48 (28 S. E. 915, 66 Am. St. R. 152). Accordingly, a charge to the jury in this case that "when land is levied upon, more than sufficient to satisfy the execution, if it can be subdivided,

it is the duty of the sheriff or levying officer to do so, and to sell or offer for sale the land in parcels," was erroneous, aside from other possible reasons not urged, where this charge was given in immediate connection with an instruction that the fi. fa. amounted to $105.38 and the land was sold for $140. Such a charge was subject to the exception, that, in the absence of any explanation as to the reasonable discretion vested in the levying officer, the language used was likely to have led the jury to believe that they should find in favor of the defendant in fi. fa., or in any event it was confusing as to the legal principles controlling the question of excessive levy. *Hunt* v. *Lavender,* 140 *Ga.* 157 (2), 159 (78 S. E. 805); *Interstate Bond Co.* v. *Cullars,* 189 *Ga.* 283 (4), 292 (5 S. E. 2d, 756).

4. Where a defendant in fi. fa. does not own the entire fee-simple title to a tract of land, which would preclude an attempted levy on any fractional undivided interest in the tract (*Willbanks* v. *Untriner,* 98 *Ga.* 801 (2), 806, 25 S. E. 841), but actually owns a fractional undivided interest which is levied on, in determining whether the levy is excessive the controlling questions are not only as to the divisibility of the tract, but the value of the defendant's undivided interest therein, taking into consideration both the quantum and the nature of such interest and the ownership of the remaining interests in so far as they may naturally affect, by increase or depreciation, the value of the defendant's interest beyond or less than the mere mathematical amount that his proportionate share bears to the entire ownership. See, in this connection, *Clower* v. *Fleming,* 81 *Ga.* 247 (2), 252 (7 S. E. 278). Under this rule, the present plaintiff in fi. fa. and the levying officer were entitled to show, if they could, that because of the possession by another person owning the other half interest in the tract levied upon, and her living in the residence on the land, and because of the cost and contingencies of any partition proceeding, the defendant's undivided half interest would not be worth as much as one half of the total value of the tract; any such evidence being subject to rebuttal. Accordingly, it was error to exclude, on the objection of irrelevancy, a question by the plaintiff in fi. fa. to a witness, as to the effect of a sale of the defendant's undivided half interest levied upon, in diminishing its value, where the expected answer, stated at the trial, was that "a sale of the one-half undivided interest,

552

with the other interest being owned by the party it was, would depreciate the market value of the half undivided interest of [the defendant in fi. fa.] very materially." It was also error to exclude, under other special grounds, similar testimony as to the depreciating effect of the ownership of the other half interest on the value in a sale of the half interest of the defendant in fi. fa.

5. Under the two immediately preceding rulings, the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*