## Sellers *v.* Johnson *et al.*

Hawkins, Justice. 1. The alleged fraud relied upon by the plaintiff in this case to authorize a recovery by him of damages against the defendants and the setting aside of the sheriff's levy, sale, and deed made in pursuance thereof, consists of the failure of the counsel for the defendant in former litigation with the plaintiff to notify the plaintiff's counsel of the issuance and levy of the execution under which the sale of the plaintiff's property was had, under an alleged agreement entered into between his counsel and the counsel for the opposite party in the former litigation, involving two separate cases, whereby it was agreed that counsel for both parties to the former litigation "each would notify the other before any hearing or issuance of any executions or the levy thereof or the sale of any property in either of the two cases was made, until the end of the litigation in both cases." The petition in the instant case alleges: that one of the former cases resulted in a verdict in favor of the present plaintiff, wherein a motion for a new trial was duly filed but later dismissed; that in the former case, which resulted in a verdict against the present plaintiff, a motion for a new trial was filed and overruled by the trial judge, to which judgment the present plaintiff excepted and brought the case to this court, and the judgment of the trial court was affirmed on July 12, 1950, prior to the sale here complained of, which took place in September, 1950. Since it thus appears from the petition that, at the time of the issuance, levy, and sale under the execution herein complained of, the litigation had ended in both of the former cases—in one by the dismissal of a motion for a new trial, and in the other by a judgment of affirmance by this court—under the terms of the alleged agreement counsel for the defendant was under no duty to give any notice to the plaintiff's counsel, and a failure to do so could not constitute fraud. *Georgia Railroad & Banking Co.* v. *Kent,* 92 *Ga.* 782, 785 (19 S. E. 720). General allegations of fraud and deceit are insufficient to raise any issue, but require statements of facts on which they are based. *Jones* v. *Robinson,* 172 *Ga.* 746 (3-c) (158 S. E. 752). A petition based upon alleged fraud, which does not allege such facts as would in law amount to a fraud on the part of the defendant, sets forth no cause of action, and its dismissal on a general demurrer is not error. *Tolbert* v. *Caledonian Insurance Co.,* 101 *Ga.* 741 (28 S. E. 991); *Great Eastern Casualty Co.* v. *Haynie,* 147 *Ga.* 119 (92 S. E. 939).

2. The allegations of the petition attacking the validity of the sale here in question, upon the ground that neither the plaintiff nor any other person in possession of the land levied on was given notice of the levy as required by Code § 39-120, afford no ground for voiding the sale, for the reason that the requirements of this Code section are merely directory, and failure to comply therewith will not void the levy. *Tanner* v. *Williamson,* 199 *Ga.* 216 (33 S. E. 2d, 694). This is particularly true where the petition discloses that there was no tenant in possession of the property, and that the plaintiff was not a resident of the county.

3. The allegations of the petition that the one acre of land with a house thereon, the sale of which is here sought to be set aside, was worth

$2000, and that the levy thereon of the execution of $88.20 was excessive, are insufficient to invalidate the sale upon the ground of excessive levy, where the petition further alleges that another execution in favor of a third person not a party to this proceeding was also placed in the hands of the levying officer at the same time, and the amount of such other execution is not alleged. See, in the connection, *Payne* v. *Daniel,* 194 *Ga.* 549 (22 S. E. 2d, 47); *Landrum* v. *Broadwell,* 110 *Ga.* 538 (35 S. E. 638); *Morris* v. *Rogers,* 104 *Ga.* 705 (30 S. E. 937); *Thompson* v. *Mitchell,* 73 *Ga.* 127 (3).

4. "Inadequacy of consideration, even if it be gross, is not per se sufficient cause to set aside a sheriff's sale, though it may be a strong circumstance to show fraud." *Howland* v. *Donehoo,* 141 *Ga.* 687, 693 (82 S. E. 32). There are no allegations in the instant case that there was any failure on the part of the sheriff to advertise properly the sale as required by Code §§ 39-1101 and 39-1102, or that the sale was not properly conducted as provided by Code § 39-1201; and even if the price were grossly inadequate in the present case, there are no allegations of any circumstances connecting it with any fraud, mistake, misrepresentation, or surprise bringing about such inadequacy as to authorize the setting aside of the sale. All allegations of fraud relied on in this case are with respect to the issuance and levy of the execution, which are held in division 1 to be insufficient to show fraud, and not with respect to the conduct of the sale; and herein this case differs from those relied upon by the plaintiff, viz., *Johnson* v. *Dooly,* 72 *Ga.* 297; *Parker* v. *Glenn,* 72 *Ga.* 637; *Suttles* v. *Sewell,* 109 *Ga.* 707 (35 S. E. 224); *Smith* v. *Georgia Loan and Trust Co.,* 114 *Ga.* 189 (39 S. E. 846).

5. Under the foregoing rules, the petition failed to state a cause of action, and the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 17352. FEBRUARY 13, 1951. REHEARING DENIED MARCH 14, 1951.

*William A. Thomas,* for plaintiff.

*Gordon M. Combs, Luther C. Hames Jr.,* and *Sam J. Welsch,* for defendants.