The Gainesville, Jefferson and Southern Railroad Company *v.* Martin.

Where an action is pending to recover against a railroad company for stopping up plaintiff's sewer-pipe, and defendant agrees that if plaintiff will dismiss the same it will pay the costs and keep the pipe open, and the action is dismissed and costs paid, but defendant refuses to keep the pipe open, an action will lie at the instance of the plaintiff against the defendant for breach of this contract.
December 4, 1889.

Actions. Contracts. Damages. Accord and satisfaction. *Res adjudicata.* Before Hon. G. H. Prior, judge *pro hac vice.* Hall superior court. January term, 1889.

Martin's declaration, filed February 1, 1887, alleged that on the first of January, 1884, he owned and pos-

sessed a certain house and lot in Gainesville, Hall coun-
ty ; that under one of the houses on the lot he had a,
cellar or dry well, useful to him for storage, etc., and
after the cellar was done, it was found to be necessary,
in order to make and keep it dry, to underdrain it,
which was done by cutting a drain from the bottom of
the cellar to a gully near the margin of defendant's rail-
road.   Thus the cellar was dry, convenient and useful.
In 1884, defendant filled up, obstructed and entirely·
closed the outlet to the same, causing it to fill up with
water and mud, rendering it totally useless ; where-
upon, after fruitless endeavor to have the outlet opened
and the obstructions removed, plaintiff, on July 29,
1884, commenced his suit in the superior court against
defendant for damages.   At the first term afterwards,
defendant entered into an agreement with plaintiff to·
the effect that if plaintiff would dismiss the suit, de-
fendant would pay all the accrued costs and would open
the drain or outlet, removing from the mouth thereof·
all dirt and other obstructions, and would keep the
mouth of the drain open perpetually, thus affording
plaintiff as full enjoyment as he had before defendant·
obstructed it.   In pursuance of this agreement, peti-
tioner dismissed the suit and defendant paid the costs,
but has failed and refused to keep open the mouth of·
the drain or to remove the obstructions therefrom.
Therefore petitioner has been compelled to abandon.
the cellar, and in order to prevent stagnation and ill
health to himself and family, to fill it up entirely.   He·
has been damaged $500 by the breach of the contract.

Defendant pleaded that the former suit was for sub-
stantially the same subject-matter as the latter, and
that it was fully and finally adjudicated.   It further
pleaded not guilty; that it did not make the contract.
with plaintiff which he alleged; that there was no con-
sideration for such contract ; and that if such contract·

was made it would not be binding, because it was a contract for an interest in and concerning land and was not in writing. To the plea of *res adjudicata* were attached copies of the petition and process in the former suit; and reference to the records of the court and to the decision of the Supreme Court (78 *Ga.* 307) was made. The declaration in the former case set up, in substance, that after the digging of the cellar and the putting in by plaintiff of the drainage-pipe, defendant had purchased the land upon which was the open ditch into which the drainage-pipe emptied, and put a large size sewer-pipe in the ditch, and thereby stopped up the mouth of petitioner's drainage-pipe and caused the water to rise in the cellar and back water from the sewer-pipe through the drainage-pipe into the cellar, filling it to the depth of a foot with water, mud and filth, making it totally worthless, damp and unhealthy; and then set forth the damages. It was further alleged that the ditch into which plaintiff's pipe emptied was the natural drainage for his property and the section of the city adjacent thereto, and there was no other way, either natural or artificial by which he could drain his cellar; and that the stopping of this drainage-pipe by defendant was wanton and malicious.

The plea of *res adjudicata* was overruled by the court. It was admitted that the title to the land on which the cellar was dug was in plaintiff at the time of the beginning of the suit and that defendant owned the land into which the drainage-pipe emptied. From the evidence it appeared that plaintiff sustained damages from the stoppage of the pipe, to an amount greater than that of the verdict. As to the making of the contract, the basis of this suit, the testimony was conflicting. For the plaintiff it appeared that sometime after he brought the first suit, J. T. Wingfield, who was connected with the defendant, came from Augusta

and went to plaintiff's house to investigate the damages, and said if plaintiff would dismiss the suit the railroad company would pay the costs and would open the drain and keep it open. Plaintiff agreed to this and had his suit dismissed; and the company paid the costs, but did not afterwards keep open the drain. It put in a sewer-pipe which would carry about half the water, but it afterwards burst. The testimony for defendant tended to show that Wingfield made no contract with plaintiff and had no authority to do so. He was sent to Gainesville to see the premises and investigate and report the facts; he did investigate, and saw that plaintiff's well was not damaged by reason of the filling of the ditch, and plaintiff said he would stop the case if the company would pay the costs, which was done. When the sewer-pipe was laid by defendant, it connected plaintiff's drain with it and made it reasonably secure; this was done voluntarily as a favor to plaintiff, and was coupled with no obligation to keep the drain-pipe open  The sewer-pipe was put in to drain the water from defendant's yard and a portion of the city. No such contract as testified to by plaintiff was ever made by the company or by any one authorized by it.

The jury found for the plaintiff $87.50. The defendant moved for a new trial on the general grounds, and for error in overruling of the plea of *res adjudicata.* To the refusal of a new trial it excepted.

S. C. DUNLAP, for plaintiff in error.

W. F. FINDLEY and J. B. ESTES, *contra.*

BLANDFORD, Justice.

This was an action to recover damages on account of a breach of contract. The testimony of the plaintiff (the defendant in error) submitted on the trial of the case certainly tended to show that the contract set forth

in the declaration was made between the parties, and that there was a breach thereof; and the damages found by the jury were not too large. The evidence was conflicting, and we cannot say that the court erred in refusing to grant a new trial.    *Judgment affirmed.*