## 20406. SURLES v. CITY OF CEDARTOWN.

BELL, J. 1. In a suit for damages for the breach of a contract the burden is upon the plaintiff to allege and prove both the breach and the damage (*Harrell* v. *Southern Ry. Co.*, 14 *Ga. App.* 451, 81 S. E. 384; *State* v. *Western & Atlantic R. Co.*, 136 *Ga.* 619 (4), 71 S. E. 1055); and therefore, in the trial of such a case, it is proper for the court to instruct the jury that the burden is upon the plaintiff to establish by a preponderance of the testimony his right to recover. This rule is applicable to suits upon contracts of accord and satisfaction as well as to other cases (*Gainesville, Jefferson & Southern R. Co.* v. *Martin*, 84 *Ga.* 61, 10 S. E. 542; *Georgia R. Co.* v. *Kent*, 92 *Ga.* 782, 19 S. E. 720), although where suit is brought upon an original cause of action, and the defendant pleads an accord and satisfaction, the burden is then upon the defendant to prove that the accord was executed by performance on his part (*Long* v. *Scanlan*, 105 *Ga.* 424 (2), 31 S. E. 436), or to show that the agreement was intended as an extinguishment of the original cause of action. *Brunswick & Western Ry. Co.* v. *Clem*, 80 *Ga.* 534 (4) (7 S. E. 84); *Byrd Printing Co.* v. *Whitaker Paper Co.*, 135 *Ga.* 865 (2) (70 S. E. 798, Ann. Cas. 1912A, 182).

2. A ground of a motion for a new trial which in effect complains merely that the court refused to allow the plaintiff to prove certain allegations of his petition is not sufficient to raise any question for decision by this court, since it fails to set forth either literally or in substance what evidence, if any, was offered and rejected. *Russell* v. *Mohr-Weil Lumber Co.*, 115 *Ga.* 35 (2) (41 S. E. 275); *Binion* v. *Georgia Southern & Florida Ry. Co.*, 118 *Ga.* 282 (2) (45 S. E. 276); *Tillman* v. *Bomar*, 134 *Ga.* 660 (2) (68 S. E. 504).

3. The evidence authorized the inference that the defendant had fully complied with and performed all of the conditions of the accord and satisfaction as pleaded, and the verdict found for the defendant was therefore fully authorized. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931.

*W. K. Fielder*, for plaintiff.　*E. S. Ault*, for defendant.