18516

John E. WILLARD, Appellant, v. CHRYSLER CORPORATION
and Chrysler Motors Corporation, Respondents
(148 S. E. (2d) 867)

*John E. Willard, Esq.,* of Conway, *Appellant, in pro. per.,*

*Messrs. Burroughs & Green,* of Conway, *for Respondents,*

44

June 6, 1966.

LEWIS, JUSTICE.

This is an appeal by the plaintiff from an order of the lower court sustaining a demurrer to the complaint, and involves a determination of whether the complaint states a cause of action against the defendant manufacturer for fraud and deceit in entering into a manufacturer's warranty with plaintiff concerning a new Chrysler "Newport" automobile purchased from one of defendant's authorized dealers.

The factual allegations of the complaint, liberally construed in favor of plaintiff and admitted for the purposes of demurrer, are: Plaintiff purchased, on February 5, 1965, one of defendant's new automobiles, known as a "Satellite," from Hamilton Motor Sales, Inc., defendant's authorized dealer, under an express warranty, the pertinent portions of which were as follows:

"Chrysler Corporation, as manufacturer, warrants each new passenger car manufactured by it, including all equipment or accessories (except tires) manufactured or supplied by it, to be free from defects in material and workmanship under normal use and service for twelve thousand (12,000) miles of operation or twelve (12) months after delivery to the original purchaser, whichever event occurs first. * * *

"Chrysler Corporation's obligation under this warranty is limited to repairing or replacing, at its option, any part or parts of the passenger car that prove to be defective within the applicable provisions of this warranty. Service under this warranty shall be performed by any Chrysler Motors Corporation Authorized Dealer, at the dealer's place of business, without charge for replacement parts or labor."

Shortly after the purchase of the Satellite, defects, latent at the time of purchase appeared therein, manifested by "vibration, shimmying, shaking and/or wobbling of the wheels, the body and various other components of the automobile, at all speeds." The condition of the automobile was reported, but defendant failed to correct the defects.

The cause of the trouble was first attributed to the tires, which were not within the warranty; but finally plaintiff was informed by defendant's representative that the Satellite had an "especially sensitive suspension system, unlike that of other Chrysler manufactured automobiles."

Thereafter, relying upon the representation that other Chrysler manufactured products were not equipped with such a sensitive suspension system as that on the Satellite, the plaintiff traded the Satellite as part payment on a new Chrysler Newport, the one involved in this action. At the time of purchase, the same warranty was given, by the defendant as had been given with the purchase of the Satellite. After the Newport had been driven about 500 miles, the same latent defects and malfunctions, as evidenced in the Satellite, appeared in it and, although repeated efforts have been made to have the defective condition of the Newport corrected, the defendant has failed and refused to do so. At the time the warranty was given on the Newport, the defendant knew of the latent mechanical defect therein from its prior experience with the Satellite and stastical data derived from dealing with the same defects in other automobiles manufactured by it.

While the warranty provided that service thereunder would be performed by any Chrysler Authorized Dealer, the defendant knew at the time that the defects in the Newport and the Satellite were such that they could not be corrected by defendant's authorized dealers, but could be remedied, if at all, only by defendant in its own facilities.

The complaint then alleges that the defendant with knowledge of the latent defects existing in the Chrysler Newport, entered into the manufacturer's warranty, quoted above, with no intent to perform thereunder.

This action is based upon the alleged fraud of the defendant in entering into the warranty of the Newport with the intention not to perform its obligations thereunder with respect to the particular defects in question. Therefore, the charge of

46

fraud is not founded solely upon the failure to fulfill an agreement to do something at a future time, but upon allegations that the defendant had at the time no intention of keeping its warranty agreement.

The applicable principles, followed in this State, were stated as follows in *Thomas & Howard Co. v. Fowler*, 225 S. C. 354, 82 S. E. (2d) 454, 456:

"The general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. However, there has been engrafted in most jurisdictions an exception or limitation to the effect that fraud may be based on promises made with an intention not to perform the same, or, as sometimes expressed, on promises made without an intention of performance."

The principle, upon which plaintiff bases the present action, is concisely stated in *Cook v. Metropolitan Life Ins. Co.*, 186 S. C. 77, 194 S. E. 636, 639 as follows: "Where one promises to do a certain thing, having at the time no intention of keeping his agreement, it is a fraudulent misrepresentation of a fact, and actionable as such."

Since the mere breach of a contract does not constitute fraud, (*Branham v. Wilson Motor Co.*, 188 S. C. 1, 198 S. E. 417; *Livingston v. Reid-Hart Parr Co.*, 117 S. C. 391, 396, 109 S. E. 106), the real issue to be determined here is whether the complaint alleges facts which, if proved on the trial, would reasonably support the inference that the defendant had no intention to perform the warranty agreement with respect to the particular defect in question.

We think that the complaint, liberally construed, states a cause of action for fraud and is sufficient against demurrer. The complaint charges the defendant with knowledge of the particular latent defect in the Newport, derived from its prior experience with the identical defect in the Satellite, previously purchased by plaintiff, and

statistical data derived from dealing with the same defects in other automobiles manufactured by defendant. The factual allegations that, with such knowledge, the defendant (1) entered into the warranty providing that any obligation thereunder "shall be performed by any Chrysler Motors Corporation Authorized Dealer," when it knew that the defect was such as could not be remedied by a dealer, (2) refused to correct the identical defect in the Satellite or the subsequently warranted Newport, and (3) attributed the defect in the Newport, and previously in the Satellite, on tires, which were not warranted, when it knew that the trouble was due to a mechanical defect covered by the warranty, are consistent with the charge in the pleadings that the defendant entered into the warranty with plaintiff with no intention to perform thereunder with respect to the particular defect in question.

The order sustaining the demurrer is accordingly reversed.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.