### 20827

Sue H. BUZHARDT, A/K/A Sue Hagood Hutto, Respondent, v. James A. CROMER, Appellant.

(249 S. E. (2d) 898)

---

*J. Reese Daniel,* Columbia, *for appellant.*

*Edmund H. Monteith,* Columbia, *for respondent.*

December 5, 1978.

LEWIS, Chief Justice:

Appellant, a real estate developer, sold to respondent two lots of land in the Basking Hills Subdivision in Lexington County for the sum of $7,000.00. The lots were adjacent to each other and were designated on a plat of the subdivision as lots 8 and 10. The plat showed a fifty (50) foot road along the southern boundary of the lots. This plat was shown to respondent; but according to her testimony, when the lots were inspected, she noticed that the road, indicated on the plat as running along the boundary of the lots, actually extended only to lot 10 and left lot 8 without access to the road.

Upon noticing that the road did not extend to lot 8, respondent stated that she inquired of appellant whether the road was going to be completed. Whereupon appellant, pointing to the area, told respondent that the road would be completed. Respondent testified that she would not have purchased the property, without the assurance and representation that the road would be extended to lot 8. The description in the deed by appellant to respondent showed the southern boundary as a 50 foot county road along both lots.

After purchasing the property, respondent constructed a residence on lot 10, but has not been able to sell lot 8 because the promised extension of the road has never been completed. When appellant failed to complete the road, as promised, respondent brought this action to recover damages resulting from the alleged fraudulent misrepresentation by appellant that the road would be opened to lot 8. Appellant denied any misrepresentation and, in addition, relied upon an unrecorded agreement by him with the county that the county would maintain drainage facilities, including all rights-of-way and easements in the subdivision in question.

Respondent denied any knowledge of the agreement with the county at the time of the sale.

The trial of the action resulted in a verdict for respondent in the amount of $7,500.00 actual damages.

The timely motions of appellant for a nonsuit, directed verdict, judgment N.O.V., new trial and new trial nisi were denied; and this appeal follows.

The exceptions present two basic questions for decision: (1) Was there any evidence of actionable fraud on the part of appellant; and (2) Was there any evidence to sustain the amount of the verdict?

Under settled principles, if there was any evidence to sustain the jury's finding as to lability and the amount of damages, the judgment must be sustained. It is equally well settled that, in determining these issues, the evidence and all reasonable inferences arising therefrom must be viewed in the light most favorable to the respondent.

We think that the testimony sustains the verdict. Respondent testified that she purchased the property upon the representation by appellant that he would complete the road as shown on the plat. Appellant's reliance upon the agreement of the county, to show a lack of knowledge of the falsity of his statement, is not conclusive. His agreement did not bind the county to build the roads in the subdivision, but only to maintain drainage facilities, including all rights-of-way and easements in the subdivision. Such agreement placed no responsibility upon the county to construct the road in question. It is also inferable that appellant never conveyed the drainage facilities, rights-of-way or easements to the county. There is, therefore, evidence to sustain the conclusion that appellant made the statements, knowing that the county would not construct the road; and he testified that he never intended to do so himself.

The testimony of appellant that he had no intention of constructing the proposed road precludes his reliance upon the rule stated in *Willard v. Chrysler Corporation,* 248 S. C. 42, 148 S. E. (2d) 867, that fraud cannot ordinarily be predicated on unfulfilled promises or statements as to future events. The statement of appellant that he had no intention to construct the road makes applicable here the exception recognized in *Willard* "that fraud may be based on promises made with an intention not to perform the same, or, as sometimes expressed, on promises made without an intention of performance."

The record sustains the conclusion of the jury that appellant knowingly misrepresented a material fact with the intent that it be acted upon by respondent and that respondent, ignorant of the falsity of the misrepresentation, rightfully acted thereon to her damage. Such constitutes actionable fraud. *Mishoe v. General Motors Acceptance Corporation,* 234 S. C. 182, 107 S. E. (2d) 43.

The remaining question concerns appellant's claim that the verdict must be set aside because excessive, in that it "exceeds any amount proven in the testimony."

We have held that, where the amount of the verdict falls within the range of damages testified to, the verdict cannot be disturbed on the ground of excessiveness. *Moorer v. Dowling,* 216 S. C. 456, 58 S. E. (2d) 734.

The measure of damages in an action for fraud and deceit in the transfer of property is the difference between the actual value and what the property would have been worth had the representation been truthful. *Warr v. Carolina Power and Light Co.,* 237 S. C. 121, 115 S. E. (2d) 799.

While the lots were purchased in 1972 for the total sum of $7,000.00, or approximately $3500.00 each, there was testimony indicating lot 8, located behind lot 10, was of less value than lot 10, a corner lot. The purchase price paid by

respondent was based on the assumption that the access road would be promptly completed. There was testimony that lot 8 could not be sold without the access road and the jury could reasonably infer that, without access, the lot was of little value.

Additional testimony indicated that, assuming lot 8 had an access road, its value in 1976 would have been approximately $8,000.00. Lot 10 was appraised at a value of $10,500.00. Although lot 8 was appraised at $8,000.00 and lot 10 at $10,500.00 over three years after the sale, it was within the trial judge's discretion to allow the testimony if it tended to prove the value of the property at the time of the sale. *See* 37 Am. Jur. (2d), *Fraud and Deceit,* Section 465. This testimony was properly admitted for the consideration of the jury in assessing damages.

The jury viewed the property and its award of damages was within the range of permitted avlues under the foregoing testimony.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.