0359

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., Appellant, v. H. Dean BRUCE, Respondent.

(325 S. E. (2d) 77)

Court of Appeals

*Charles R. Stewart,* of *Riley, Riley, Laws & Stewart,* Greenville, *for appellant.*

*O. W. Bannister, Jr.,* of *Hill, Wyatt & Bannister,* Greenville, *for respondent.*

Heard Oct. 15, 1985.

Decided Jan. 7, 1985.

*Per Curiam:*

This is an action for breach of contract arising from the sale of six hundred shares of Atlas Corporation stock. The plaintiff, Merrill, Lynch, Pierce, Fenner and Smith, Inc., is a stock brokerage firm. The defendant, H. Dean Bruce, was the owner of the stock. Merrill, Lynch sued Bruce for $7,784.85 in damages which it allegedly suffered when Bruce failed to tender six hundred shares of stock he requested Merrill, Lynch to sell on his account. The jury returned a verdict for Bruce. Merrill, Lynch appeals. We affirm.

In April of 1980, Jackie Frangais, an account representative at the Greenville office of Merrill, Lynch, recommended that Bruce sell certain shares of stock of Atlas Corporation which he then owned. The shares were being held as security for a loan by Community Bank in Greenville.

At Bruce's request, Merrill, Lynch first sold four hundred shares of the stock. In due course Community Bank delivered to Merrill, Lynch share certificates which on their face represented four hundred shares of Atlas Corporation stock. Shortly thereafter, Bruce again upon the recommendation of Jackie Frangais requested Merrill, Lynch to sell an additional two hundred shares of Atlas stock. Community Bank then delivered to Merrill, Lynch stock certificates which on their face represented two hundred shares of Atlas stock. The proceeds from these two sales, less Merrill, Lynch's brokerage commission, were remitted to Community Bank and were applied to reduce Bruce's indebtedness to the Bank.

After the funds were remitted, Merrill, Lynch made demand on Bruce for an additional four hundred and eighty shares of Atlas stock at a cost of $7,784.85. Merrill, Lynch contended it was required to purchase this number of shares to fill out the sale of Bruce's shares because the six hundred shares of Atlas stock delivered by Community Bank had been subject to a 5 to 1 "reverse split" and in actuality represented only one hundred and twenty shares. When Bruce declined either to tender additional shares or to pay $7,784.85, Merrill, Lynch sued.

In his pleadings and at trial Bruce denied any knowledge of a reverse split of his Atlas stock and demanded strict proof thereof. The burden of proof was therefore on Merrill, Lynch to prove Bruce's stock certificates represented only one hundred and twenty shares because of a 5 to 1 reverse split. *Surles v. City of Cedartown*, 42 Ga. App. 480, 156 S. E. 632 (1931) (plaintiff suing for breach of contract has burden of proving breach). Merrill, Lynch called only one witness, Jackie Frangais, and introduced no documentary evidence. Frangais admitted she had been a stockbroker for only two years, that she had never sold any Atlas stock prior to the Bruce transaction, that she had no knowledge of a reverse split at the time of sale, and that she never saw Bruce's stock certificates. Bruce testified that he had no notice of any

reverse split of Atlas stock. He also produced documents by which the Atlas Corporation solicited his proxy to vote his shares in 1979, some three years after the reverse split allegedly took place. The proxy solicitation indicated he owned a total of six hundred shares.

Merrill, Lynch's exceptions go solely to the sufficiency of the evidence to raise a jury question and to support the verdict for Bruce. In view of the factual issue as to the alleged reverse split, the trial judge did not err in submitting the case to the jury. *Waites v. South Carolina Windstorm & Hail Underwriting Ass'n*, 279 S. C. 362, 307 S. E. (2d) 223 (1983); *Benya v. Gamble*, S. C., 321 S. E. (2d) 57 (S. C. App. 1984). If there was any evidence from which the jury could reasonably conclude that Bruce tendered six hundred shares of Atlas stock to Merrill, Lynch, its verdict cannot be set aside on appeal. *Buzhardt v. Cromer*, 272 S. C. 159, 249 S. E. (2d) 898 (1978). Such evidence plainly existed in this case. The jury was free to discredit the testimony of Frangais and to credit the evidence of Bruce as to the number of shares actually tendered. Viewed in the light most favorable to Bruce, the evidence supports the jury's verdict. *See Buzhardt v. Cromer*, *supra*.

For the reasons stated, the judgment is

Affirmed.