1459

Samuel H. CARTER, Respondent v. R. L. JORDAN OIL COMPANY, INC., Equipment Maintenance and Repairs, Inc., and Fruehauf, Inc., Defendants, of whom R. L. Jordan Oil Company, Inc., is Appellant. APPEAL OF R. L. JORDAN OIL COMPANY, INC.

(390 S. E. (2d) 367)

Court of Appeals

*James W. Hudgens* and *Michael B. T. Wilkes* of *Ward, Barnes, Long, Hudgens, Adams & Wilkes,* Spartanburg, *for appellant.*

*John B. White, Jr.* and *Kenneth C. Anthony, Jr.,* of *Knie, White & Anthony,* Spartanburg, *for respondent.*

Reheard Jan. 24, 1990.

Decided Feb. 20, 1990.

BELL, Judge:

This matter is before us on writ of certiorari from the Supreme Court. The writ directs us to consider the issue of punitive damages against Jordan.

The facts of the case are set forth in our prior opinion. *Carter v. R. L. Jordan Oil Co., Inc.*, 294 S. C. 435, 365 S. E. (2d) 324 (Ct. App. 1988). In that opinion, we held there was no evidence that Jordan's driver, Norman Brock, failed to make a proper pretrip inspection of his truck prior to the accident. The Supreme Court, taking a different view of the evidence, reversed, holding that Joe Larry Scott's testimony supported the inferences that (1) the practice of Jordan's drivers was to inspect cotter pins as part of every pretrip inspection; and (2) Brock did not inspect the cotter pins on his trailer on the morning of the accident. *See Carter v. R. L. Jordan Oil Co., Inc.*, 299 S. C. 439, 385 S. E. (2d) 820 (1989).[1] Implicitly, the Supreme Court also held that Jordan was under a duty of care to make a pretrip inspection of the

---

[1] Scott testified as follows:

A. Then, that particular morning ... we [Brock and Scott] got in our trucks and we went out and checked them out. You know, we went around and kicked the tires and do the stuff that you normally do before you leave. And you make sure all the lights are burning and everything that you can see that needs to be working works. And then we left and headed to the terminal to load our trucks.

\* \* \* \* \* \*

Q. When you arrived at the Jordan Oil office, you described to us an inspection that *you* made of *your* truck [emphasis added]. Could you do that in a little more detail?
A. Well, ... it involves going around, kicking the tires to be sure that you don't have any flats before you load the truck and start on your trip, making sure all the trailer lights work, the headlights and the turn signals and all that work.

\* \* \* \* \* \*

Q. Do you get up under the truck or the trailer at any time during this inspection?
A. No, sir.
Q. What—other than the tires and the lights, is there anything else that *you* inspect in any manner? [Emphasis added].
A. No, that's all ... I know to inspect.

cotter pins, a point we assumed but did not decide in our opinion.[2]

The remaining question presented for our decision is whether there is any evidence to support the jury's award of $160,000 in punitive damages against Jordan. *See Willis v. Floyd Brace Co., Inc.*, 279 S. C. 458, 309 S. E. (2d) 295 (Ct. App. 1983) (when reviewing a jury verdict, court is limited to determining if there is any evidence to support it). In deciding this question, we must view the evidence and all reasonable inferences arising therefrom in the light most favorable to Carter. *See Buzhardt v. Cromer*, 272 S. C. 159, 249 S. E. (2d) 898 (1978); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Bruce*, 284 S. C. 227, 325 S. E. (2d) 77 (Ct. App. 1985).

■ Evidence of simple negligence alone will not support an award of punitive damages. *Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S. C. 35, 351 S. E. (2d) 897 (Ct. App. 1986).

[T]here must be evidence the defendant's conduct was wilful, wanton, or in reckless disregard of the plaintiff's rights. . . . Conduct is wilful, wanton, or reckless when it is committed with a deliberate intention under such circumstances that a person of ordinary prudence would be conscious of it as an invasion of another's rights. It is the present consciousness of wrongdoing that justifies the assessment of punitive damages against the tortfeasor.

*Id.* at 40, 351 S. E. (2d) at 900 [citations omitted].

■ In this case, we find no evidence from which to infer conscious wrongdoing by Jordan. Jordan had the trailer inspected and serviced by Equipment Maintenance nine days before the accident and again four days before the accident. Scott's testimony shows that Brock also inspected the trailer the morning of the accident. This is not conduct from which a conscious indifference to the safety of the vehicle can be inferred. According to Scott, Brock's pre-trip inspection included making sure "everything that you

---

[2] The operator's manual for the trailer says nothing about inspecting cotter pins or the wheel assembly before each trip.

can see that needs to be working works." While the Supreme Court held Scott's testimony supports an inference that Brock did not check the cotter pins, there is no evidence, direct or circumstantial, that Brock saw a broken or missing cotter pin and with that knowledge took the truck on the road in conscious disregard of the safety of others. At most, his omission was simple negligence.

Because there is no evidence to support it, we reverse the judgment for punitive damages against Jordan. In view of the Supreme Court's decision, the judgment for actual damages stands.

Reversed in part.

SHAW and CURETON, JJ., concur.