**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mary Greene-Mackey, Appellant,

v.

David Bevins, Respondent.

Appellate Case No. 2018-001372

_____

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

_____

Unpublished Opinion No. 2021-UP-256
Submitted May 3, 2021 – Filed July 7, 2021

_____

**AFFIRMED**

_____

Eduardo Kelvin Curry, of The Curry Law Firm LLC, of
North Charleston, for Appellant.

Marvin I. Oberman and Harold Alan Oberman, both of
Oberman & Oberman, of Charleston, for Respondent.

_____

**PER CURIAM:** Mary Greene-Mackey brought an action against her neighbor
David Bevins to determine the boundary line between their properties.
Greene-Mackey appeals the circuit court's order determining the boundary line and
awarding compensatory and punitive damages to Bevins. We affirm.

1. We find Greene-Mackey's assertion that the circuit court erred in relying on Bevins's surveys when determining the location of the boundary line between the properties is unpreserved for appellate review.  At the hearing, Greene-Mackey did not object to the admission of Bevins's surveys. Therefore, she waived any challenge to the circuit court's admission and consideration of Bevins's surveys. *See* S*tate ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 414 S.C. 33, 59, 777 S.E.2d 176, 190 (2015) (holding the appellant waived its right to challenge the issue on appeal when it failed to make a contemporaneous objection); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) (holding that the failure to contemporaneously object precluded the defendant from raising an issue on appeal).

2. We find there is evidence in the record to support the circuit court's award of damages to Bevins.  Based on the circuit court's finding regarding the location of the boundary line, it ruled Greene-Mackey intentionally trespassed on Bevins's property when she removed the trees located on his property.  Greene-Mackey admitted she intentionally removed the trees, knowing the boundary dispute had not been settled.  Further, she admitted the workmen damaged Bevins's fence while removing the trees.  Thus, we find the circuit court did not err in awarding Bevins compensatory and punitive damages as a result of Greene-Mackey's trespass.  *See Snow v. City of Columbia*, 305 S.C. 544, 553, 409 S.E.2d 797, 802 (Ct. App. 1991) ("The *mere entry* entitles the party in possession *at least* to nominal damages." (emphases added)); *Clark v. Cantrell*, 339 S.C. 369, 378–79, 529 S.E.2d 528, 533 (2000) ("Punitive damages also serve to vindicate a private right of the injured party by requiring the wrongdoer to pay money to the injured party."); *id.* at 378, 529 S.E.2d at 533 ("The goal [of compensatory damages] is to restore the injured party, as nearly as possible through the payment of money, to the same position he or she was in before the wrongful injury occurred.").[1]

Moreover, we find Greene-Mackey's challenge to the award of attorney's fees unpersuasive.  Unlike a typical award of attorney's fees, the circuit court awarded

---

[1] Greene-Mackey additionally argues the circuit court erred in awarding punitive damages because she was never "convicted" of trespassing on Bevins's property. This argument is not preserved for appellate review as Greene-Mackey never raised it to the circuit court.  Therefore, we decline to address this argument on appeal.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

Bevins attorney's fees as part of his compensatory damages, which is within the court's discretion. *See* S.C. Code Ann. § 15-53-100 (2005) (providing that a court may award costs as it deems "equitable and just" in declaratory judgment actions); *see also Hegler v. Gulf Ins. Co.*, 270 S.C. 548, 549–51, 243 S.E.2d 443, 444 (1978) (finding the circuit court erred in declining to award attorney's fees as damages when the appellant incurred the fees in defending a declaratory judgment action). Additionally, Bevins testified that at the time of trial, he had already paid $6,500 in attorney's fees and still had a remaining balance of approximately $11,000. Thus, the circuit court's award of $14,500 in attorney's fees as compensatory damages was within the range of damages testified to by Bevins. *See Gauld v. O'Shaugnessy Realty Co.*, 380 S.C. 548, 559, 671 S.E.2d 79, 85 (Ct. App. 2008) ("As a general rule, the evidence should allow the court or jury to determine the amount of damages with reasonable certainty or accuracy."); *see also Gastineau v. Murphy*, 323 S.C. 168, 183, 473 S.E.2d 819, 828 (Ct. App. 1996) (first alteration in original) ("[W]he[n] the amount of the verdict falls within the range of damages testified to, the verdict cannot be disturbed on the ground of excessiveness." (quoting *Buzhardt v. Cromer*, 272 S.C. 159, 163, 249 S.E.2d 898, 900 (1978))), *rev'd on other grounds*, 331 S.C. 565, 503 S.E.2d 712 (1998).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.